FILED
02/19/2025
*Sandy Erhardt*
CLERK
Gallatin County District Court
STATE OF MONTANA
By: Don Adams
DV-16-2025-0000284-PI
Brown, John C.
1.00

John L. Amsden, Esq.
Sam J. Johnston, Esq.
BECK, AMSDEN & STALPES, PLLC
610 Professional Dr.
Bozeman, MT 59718
Tel:   406-586-8700
Fax:   406-586-8960
amsden@becklawyers.com
sam@becklawyers.com
info@becklawyers.com

*Attorneys for Plaintiffs*

\* \* \* \* \* \* \*
MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT
GALLATIN COUNTY
\* \* \* \* \* \* \*

| | |
|---|---|
| CHRISTOPHER ROBERT HEALY, an individual;<br><br>Plaintiff,<br><br>v.<br><br>SEYEM LAMPARD, an individual,<br><br>Defendant. | Cause No. DV-16-2025-0000284-PI<br>Hon. John C. Brown<br><br>**COMPLAINT FOR DAMAGES AND JURY DEMAND** |

Plaintiff, by and through his counsel of record, alleges as follows:

## PARTIES

1.  Plaintiff Christopher Robert Healy ("Plaintiff") is, and at all relevant times was, a resident of Gallatin County.

2.  Defendant Seyem Lampard ("Defendant") is, and at all relevant times was, a resident of Gallatin County Montana, and the owner and landlord of the rental property located at 1308 S Willson Avenue, Bozeman, Montana.

3.  At all relevant times, Defendant was responsible for maintaining and managing the rental premises, including the stairwell and common areas used by tenants.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over this action pursuant to Montana law as it is a civil action for personal injuries arising in the State of Montana.

5.  This Court has personal jurisdiction over Defendant because she resides in Montana and owns and manages rental property within Gallatin County.

6.  Venue is proper in the Eighteenth Judicial District, Gallatin County, Montana, under applicable law because the incident and resulting injuries to Plaintiff occurred in Gallatin County, and Defendant resides in Gallatin County.

## FACTUAL BACKGROUND

7. On November 19, 2024, Plaintiff Christopher Robert Healy resided in a basement unit at 1308 S Wilson Avenue, Bozeman, Montana, a rental property owned and managed by Defendant.

8. Access to Plaintiff's basement unit required descending an interior staircase, which also served as a common area used by tenants accessing the community laundry facilities.

9. The staircase contained approximately eight steps and lacked any handrails on either side, rendering it hazardous for tenants and visitors.

10. The stairwell becomes slippery due to the accumulation of water from footwear when it rains or snows, which occurs frequently in this area. At the time of the incident, it was snowing.

11. Defendant knew or should have known of the hazardous condition, such that the stairwell lacks a handrail and becomes wet from the accumulation of water brought in by footwear during periods of rain or snow. This condition was foreseeable and preventable with proper maintenance.

12. Defendant failed to adequately address the missing handrails, the wet conditions in the stairwell, and to implement appropriate warnings or safeguards to mitigate the foreseeable risk of injury.

13. On the morning of November 19, 2024, Plaintiff attempted to descend the stairs when he suddenly slipped on the wet surface. As a result, Plaintiff fell down the entire flight of stairs.

14. Plaintiff suffered severe injuries, including but not limited to a loss of consciousness from striking his head, a compression fracture of his thoracic spine, and a 12-centimeter hematoma on his left hip.

15. Plaintiff has since been required to wear a back brace to stabilize his spine and has undergone extensive medical treatment and rehabilitation.

16. As a direct result of Defendant's negligence, Plaintiff has suffered significant pain and suffering, incurred substantial medical expenses, lost wages, and has experienced a diminished quality of life.

## COUNTS
### COUNT I – PREMISES LIABILITY

17. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

18. Defendant, as the owner and landlord of the premises, had a legal duty to maintain common areas, including the interior stairwell, in a reasonably safe condition for tenants and visitors.

19. Defendant failed to fulfill this duty by allowing an unreasonably dangerous condition—wet and slippery stairs —on an unrailed stairway to persist.

20. Defendant knew or should have known of the dangerous condition, as the stairway lacked handrails and was wet and slippery. This dangerous condition was foreseeable and could have been prevented through reasonable maintenance.

21. Defendant failed to prevent or remove the moisture, provide handrails, or warn tenants of the dangerous condition.

22. As a direct and proximate result of Defendant's failure to maintain the premises in a safe condition, Plaintiff suffered severe injuries and damages.

## COUNT II – NEGLIGENCE

23. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

24. Defendant owed a duty of care to Plaintiff as a tenant to ensure that the premises were reasonably safe.

25. Defendant breached this duty by failing to maintain the stairwell in a safe condition, failing to provide necessary handrails, and failing to address the wet and slippery conditions resulting from accumulated moisture.

26. Defendant's failure to act with reasonable care created an unreasonable risk of harm to Plaintiff and other tenants.

27. As a direct and proximate result of Defendant's negligence, Plaintiff suffered severe physical injuries, incurred medical expenses, lost wages, endured pain and suffering, and suffered a diminished quality of life.

## COUNT III – NEGLIGENCE PER SE / VIOLATION OF BUILDING CODES

28. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

29. Defendant had a statutory duty under Montana law, including Montana Code Annotated Title 70, Chapter 24, to keep the subject premises in a reasonably safe condition.

30. The International Residential Code (IRC) 2021 Edition, section R311.7.8, adopted by the State of Montana and the City of Bozeman, mandates that handrails shall be provided on not less than one side of each flight of stairs with four or more stairs. Defendant's failure to provide handrails on either side of the stairwell violates this provision.

31. Defendant violated the applicable statute and code by, among other things, failing to maintain the stairwell in a reasonably safe manner and by failing to provide a handrail.

32. The statute and code were enacted to protect tenants/residents and members of the public.

33. As a tenant, Plaintiff is a member of the class the statute and code were enacted to protect. Plaintiff's injuries are of the sort that the statute was enacted to protect.

34. The statute and code were intended to regulate Defendant and members of her class to maintain their premises and buildings in a reasonably safe condition.

35. Defendant's violation of these statutes and safety codes constitutes negligence per se.

36. As a direct and proximate result of Defendant's statutory violations, Plaintiff suffered injuries and damages, including but not limited to medical expenses, pain and suffering, and loss of enjoyment of life.

## DAMAGES

37. As a result of Defendant's wrongful conduct, Plaintiff has suffered and continues to suffer significant damages, including past and future medical expenses; lost wages and loss of earning capacity; physical pain and suffering; emotional distress; loss of enjoyment of life; and other economic and non-economic damages to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follow:

1. For all past and future general and special damages to be determined at trial;

2. For attorneys' fees, expenses, and costs incurred in this action, as permitted by law;

3. For pre- and post-judgment interest as allowed by Montana law;

4. For such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues triable to a jury.

DATED this 19th day of February 2025.

/s/ *John L. Amsden*
BECK AMSDEN & STALPES, PLLC

*Attorneys for Plaintiff*